IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH KUHN, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 07-00625 |
| | : | |
| v. | : | |
| | : | |
| THE PRUDENTIAL INSURANCE | : | |
| COMPANY OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

AND NOW, this 8th day of July, 2008, upon consideration of Plaintiff Deborah Kuhn's Omnibus Post Judgment Motion to Amend the Judgment to Conform to the Amount Owed, to Seek Attorney's Fees and Litigation Costs, and to Receive Pre-Judgment Interest (Doc. No. 14) and Defendant Prudential Life Insurance Company of America's Response in opposition thereto, it is hereby ORDERED that Plaintiff's motion is GRANTED for the reasons that follow. The issues raised by the motion are: (1) whether Plaintiff is entitled to reasonable attorney's fees and costs; (2) if so, the amount of reasonable attorney's fees and costs to which Plaintiff is entitled; and (3) whether Plaintiff is entitled to prejudgment interest.

**1.      Plaintiff Is Entitled To Reasonable Attorney's Fees And Costs.**

Defendant argues that Plaintiff is not entitled to attorneys fees or costs. Under ERISA, the court may in its discretion award reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(1). In determining whether to award attorney's fees and costs under ERISA, the court considers the following five factors:

1

> (1) the offending parties' culpability or bad faith;
> (2) the ability of the offending parties to satisfy an award of attorneys' fees;
> (3) the deterrent effect of an award of attorneys' fees against the offending parties;
> (4) the benefit conferred on members of the pension plan as a whole; and
> (5) the relative merits of the parties' position.

Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983).

The court finds that Plaintiff is entitled to reasonable attorney's fees and costs. The Third Circuit's decision in Mitchell v. Eastman Kodak, 113 F.3d 433, 442-43 (3d Cir. 1997), placed Defendants on notice that objective medical evidence cannot be required to establish the etiology of a disease that has no known etiology and which cannot be proven objectively. Cf. Steele v. Boeing Co., 225 Fed. Appx. 71, 74-75 (3d Cir. 2007) (unpublished) (extending the holding in Mitchell to cases involving fibromyalgia). Defendant acted in bad faith when it improperly required objective medical evidence from Plaintiff to prove her claim of fibromyalgia, knowing that it was a subjective condition supported by subjective complaints and unlikely to produce objective manifestations. In doing so, Defendant deliberately created an impossible hurdle for Plaintiff to overcome, showing that its actions were culpable. See McPherson v. Employees' Pension Plan of Am. Re-Ins. Co., 33 F.3d 253, 256-257 (3d Cir. 1994) (defining culpable conduct). Further demonstrating its bad faith conduct, Defendant ignored, or dismissed without proffering appropriate rebuttal evidence, Plaintiff's early medical records stating that Plaintiff's symptoms were compatible with fibromyalgia. Kuhn v. Prudential Ins. Co. of Am., Civ. No. 07-00625, 2008 U.S. Dist. LEXIS 36407, at *45-47, 50 (E.D. Pa. May 1, 2008) (Giles, J.).

As to the second factor, Defendant concedes that it is able to pay attorney's fees.

As to the third factor, the court finds that an award of attorney's fees would have a

deterrent effect against future violations of ERISA by Defendant and other plan administrators. Defendant attempted to circumvent the rule in Mitchell by asking its reviewing doctors to assess Plaintiff's fibromyalgia claim through the lens of objective medical evidence and then relying on these assessments to deny Plaintiff's claim.  Kuhn, 2008 U.S. Dist. LEXIS 36407, at *2, 48-51. The court's award of attorney's fees serves to deter Defendant and others from explicitly or implicitly requiring objective medical evidence to prove fibromyalgia claims.

As to the fourth factor, the court finds that a benefit is conferred upon members of the plan as a whole.  Such benefit is not necessarily pecuniary in nature.  Rather, plan members generally, and particularly those who are or may be in the future afflicted with fibromyalgia, will benefit from the court's ruling that plan requirements for a showing of a disease, in general, and fibromyalgia, in particular, do not "defeat the legitimate expectations" of plan participants, see Mitchell, 113 F.3d at 443.

As to the fifth factor, the court finds that the relevant merit of the parties' positions weighs in favor of an award of attorney's fees to Plaintiff.  The court found, in no uncertain terms, that Defendant clearly erred, as a matter of law, by requiring objective medical evidence for Plaintiff's fibromyalgia claim and, as a matter of fact, by failing properly to consider or rebut medical records dating from March 30, 2004, which stated that her symptoms were compatible with fibromyalgia.  Under these circumstances, Plaintiff is entitled to reasonable attorney's fees and costs.

**2.     Determination Of Reasonable Attorney's Fees And Costs.**

Applying the lodestar approach, the court determines the reasonableness of the fee by

multiplying the "reasonable number of hours expended on the litigation . . . by a reasonable hourly rate."  Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300, 310 (3d Cir. 2008).  The lodestar calculation produces "a presumptively reasonable fee."  Id. (quotation omitted).

For attorney's fees, Plaintiff seeks an hourly rate of $250.00 for 47.90 hours spent on this matter, in the total amount of $11,975.00, in support of which Plaintiff attaches affidavits, Plaintiff's counsel's Martindale-Hubbell listing, the Community Legal Services ("CLS") of Philadelphia's Attorney Fee Schedule, and a detailed itemized breakdown of work conducted.  The costs Plaintiff seeks are $350.00 for the district court filing fee and $363.22 for the costs of medical records and reports, in support of which Plaintiff attaches receipts.

Defendant argues that Plaintiff's attorney's fees are excessive because they include 3 hours for pre-litigation medical research and 5.55 hours for pre-litigation administrative proceedings.  (See Pl.'s Omnibus Post J. Mot., Ex. C.)  Attorney's fees incurred during pre-litigation administrative proceedings are not available under 29 U.S.C. § 1132(g)(1).  Hahnemann Univ. Hosp., 514 F.3d at 313-14.  The court agrees that Plaintiff is not entitled to attorney's fees pre-litigation administrative activities and therefore reduces the award by 8.55 hours.  See id.

Defendant further argues that because Plaintiff's counsel represented Plaintiff *pro bono*, his hourly fee of $250.00, which he charges for full paying clients, is excessive.  Attorney's fees are awarded "without regard to plaintiffs' ability to pay for counsel," and regardless of any *pro bono* representation.  Shadis v. Beal, 685 F.2d 824, 830 (3d Cir. 1982); see Kounelis v. Sherrer, 529 F. Supp. 2d 503, 522 (D.N.J. 2008) (listing case law in support of the proposition that "the status of counsel's representation has no affect on the appropriateness of an award of attorneys's

fees"). Defendant does not argue that Plaintiff is not entitled to attorney's fees simply because Plaintiff's counsel undertook representation on a *pro bono* basis, but rather that the rate should be reduced. The rate provided by Plaintiff's counsel is consistent with, and on the lower end of, the rate scale charged by CLS by an attorney with commensurate experience, which is $240-$300. (See Pl.'s Omnibus Post J. Mot., Ex. F.) The CLS rate is not excessive. Cf. Rodriguez v. Taylor, 569 F.2d 1231, 1247-50 & n.29 (noting that private firms' rates are based on market billing rates determined largely by financial stakes in contested matters, which rates firms may choose to reduce when handling *pro bono* cases, and that rates of CLS and other legal services organizations cannot be compared to "the larger financial stakes handled by the private bar"). The court, therefore, finds that Plaintiff's counsel's hourly fee of $250.00 is reasonable.

Defendant does not otherwise suggest that the rate is inappropriate or otherwise contest the number of hours worked. Apart from contesting that Plaintiff's entitlement to costs, which the court addressed above, Defendant does not contest the amount of costs sought by Plaintiff. Applying the lodestar calculation, the court concludes that Plaintiff is entitled to 39.35 hours (i.e., 47.90 hours spent minus 8.55 hours for pre-litigation administrative activities) multiplied by the reasonable hourly rate of $250.00, which totals $9,837.50. Plaintiff is entitled to $713.22 in reasonable costs for the district court filing fee and the costs of medical records and reports.

**3.     Plaintiff Is Entitled To Prejudgment Interest.**

Defendant argues that Plaintiff is not entitled to prejudgment interest. A court may exercise its discretion to award prejudgment interest in ERISA cases, so long as its exaction would not be inequitable. Skretvedt v. E.I. Dupont de Nemours, 372 F.3d 193, 195-96 (3d Cir.

2004); Anthuis v. Colt Indus. Operating Corp., 971 F.2d 999, 1009 (3d Cir. 1992). For the reasons stated above, the court finds that the award of prejudgment interest would not be inequitable.

In determining the pre-judgment interest amount, the court follows the calculation under an analogous federal statute, 28 U.S.C. § 1961, the statutory provision for post-judgment interest, which provides that "interest shall be calculated . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a); Music v. Prudential Ins. Co. of Am., No. 1:05-cv-1223, 2007 U.S. Dist. LEXIS 77771, at *4-5 (M.D. Pa. Oct. 19, 2007); Russo v. Abington Mem. Hosp. Healthcare Plan, 257 F. Supp. 2d 784, 787 (E.D. Pa. 2003); Holmes v. Pension Plan of Bethlehem Steel Corp., No. 98-CV-1241, 1999 U.S. Dist. LEXIS 4613, at *10 (E.D. Pa. Mar. 24, 1999). Defendant does not dispute this calculation method.

Accordingly, it is hereby FURTHER ORDERED as follows:

1. The entry of judgment is clarified to reflect that Defendant shall pay $41,400.00 in back Long Term Disability ("LTD") benefits to Plaintiff. This figure is calculated by the undisputed forty-six month period between July 1, 2004, when her benefits were terminated, and the date of the Court's Order of May 1, 2008, multiplied by $900.00, which is the undisputed amount of LTD benefits Plaintiff received per month prior to the termination of her benefits (46 months x $900.00 = $41,400.00).

2. Defendant shall pay to Plaintiff reasonable attorney's fees in the amount of

        $9,837.50 (47.90 hours - 8.55 hours for pre-litigation administrative activities = 39.35 hours x $250.00 = $9,837.50).

3.      Defendant shall pay to Plaintiff reasonable costs in the amount of $713.22 for the district court filing fee and the costs of medical records and reports ($350.00 + $363.22 = $713.22).

4.      Defendant shall calculate pre-judgment interest on the award of back benefits of $41,400.00 before issuing payment, and use an interest rate to be calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

                        BY THE COURT:

                           S/ James T. Giles
                                        J.